FILED'09 FEB 10 14:58 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY EUGENE DAVIS,   CV. 07-1192-HU

       Petitioner,   FINDINGS AND RECOMMENDATION

v.

BRIAN BELLEQUE,

       Respondent.

Harrison Latto
Attorney at Law
1631 NE Broadway, No. 533
Portland, Oregon 97232

    Attorney for Petitioner

John Kroger
Attorney General
Lynn David Larsen
Attorney-in-Charge
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For

1 -- FINDINGS AND RECOMMENDATION

the reasons set forth below, the petition should be denied as untimely, and this proceeding should be dismissed, with prejudice.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The parties agree that petitioner's habeas petition is untimely because it was filed approximately 40 days beyond the limitation period.

Petitioner argues that the limitation period should be equitably tolled due to the negligence of an inmate legal assistant who delayed filing petitioner's federal habeas corpus petition for over two months, despite petitioner's specific request that the assistant check the statute of limitations. Petitioner relies upon Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), and Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), wherein the Ninth Circuit held that equitable tolling was warranted due to particular conduct of prison officials who delayed the filing of prisoners' habeas petitions. See Miles, 187 F.3d at 1107 (equitable tolling warranted where prison officials delayed issuing check for habeas filing fee); Lott, 304 F.3d at 924 (deprivation of prisoner's legal materials by prison officials warranted equitable tolling). Petitioner reasons that, because Oregon Department of Corrections rules govern the use of inmate legal assistants in state prisons, the assistants are

2 -- FINDINGS AND RECOMMENDATION

*quasi* state officials and any unreasonable delay caused by them should be attributable to the state.

The U.S. Supreme Court recently rejected a similar argument as it pertained to court-appointed counsel. The Court explained:

> Lawrence argues that his case presents special circumstances because the state courts appointed and supervised his counsel. But a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay. Lawrence has not alleged that the State prevented him from hiring his own attorney or from representing himself. It would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations.

Lawrence v. Florida, 549 U.S. 327, 337 (2007); see also Reid v. Lampert, 2004 WL 1305249 *1 (D.Or. 2004) (rejecting argument that inmate legal assistants are agents of the state); Donahoo v. Lampert, 02-1512-HU (Findings and Recommendation (#50)) (D.Or. 2005) (same).

For the same reason, and because an *attorney's* miscalculation of the limitation period would not be sufficient to warrant equitable tolling,[1] I reject petitioner's contention that the limitation period should be equitably tolled due to delay attributable to an inmate legal assistant in the absence of some showing that state officials prevented petitioner from filing his federal habeas petition *pro se*. Petitioner's additional allegation that he suffers from depression does not dictate a contrary

---

[1] Lawrence, 549 U.S. at 337-38.

3 -- FINDINGS AND RECOMMENDATION

conclusion due to petitioner's failure to explain how his mental state effected his ability to file a timely petition. Accordingly, petitioner's habeas petition should be denied as untimely.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) should be denied, and this proceeding should be dismissed, with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 25, 2009. If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due March 11, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 10th day of February, 2009.

_____
Dennis J. Hubel
United States Magistrate Judge